UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON JERNIGAN,<br><br>  Plaintiff<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>  Defendant | Civil Action No.: 04-30210-MAP |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Shannon Jernigan, is a natural person currently residing at 48 Pheasant Hill Drive, Feeding Hills, Hampden County, Massachusetts.

2. The Defendant, Home Depot U.S.A., Inc., is a corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, GA.

### Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. The amount in controversy is in excess of $75,000.00, and there are federal-law claims set forth herein.

### Facts

4. The Plaintiff began her employment with the Defendant in or about July of 2002 in the position of cashier.

5. The Plaintiff had always performed her job responsibilities well.

6. The Plaintiff informed the Defendant of her pregnancy in or about March of 2003.

7. The Plaintiff also informed the Defendant that she was having complications with her pregnancy, and the Plaintiff requested a reasonable accommodation on several occasions.

8. The Plaintiff suffered severe morning sickness, she was anemic and she suffered swelling of the hands and feet. The Plaintiff requested time off from work, and the Plaintiff provided medical documentation to the Defendant in this regard. The Plaintiff later suffered high blood pressure after she was interrogated by the Defendant's management.

9. The Plaintiff also asked for a chair and a fan as a reasonable accommodation, and the Plaintiff provided medical documentation to the Defendant in this regard as well. However, the Plaintiff was not provided a chair or a fan for some time.

10. It was obvious that the Defendant's management was upset with the Plaintiff for exercising her rights as a pregnant woman with a disability.

11. The Defendant went so far as to accuse of the Plaintiff of stealing money from the register and interrogated the Plaintiff for approximately two hours. As noted above, the Plaintiff later suffered high blood pressure after she was interrogated by the Defendant's management.

12. The Plaintiff was also spoken to in a very demeaning way by management since the Plaintiff informed the Defendant's management that she was pregnant and requested accomodation.

13. The Defendant caused the Plaintiff depression and anxiety and forced the Plaintiff to go out on maternity leave much earlier than she expected that she would have to go on maternity leave.

14. The Plaintiff had suffered both economic losses as well as emotional harm as a direct result of the conduct of the Defendant's management.

15. The Plaintiff was also denied the opportunity to transfer to another store.

16. The Plaintiff also suffered such a hostile, pervasive and demeaning work environment that she was constructively discharged.

17. The Plaintiff's coworkers (who were not pregnant) were promoted, while the Plaintiff was not promoted.

18. The Plaintiff was retaliated against and harassed for taking time under the FMLA and for her handicap and disability and pregnancy.

19. Again, with some reasonable accommodation, the Plaintiff believes that she could continue to perform the essential functions of her job.

20. The Plaintiff's overall performance did not suffer as a result of her medical condition or with being absent at times due to her medical condition.

21. The Plaintiff was a qualified handicapped person and was regarded by the Defendant as having a handicap.

22. The Plaintiff was treated differently and adversely by the Defendant based upon her handicap. The Plaintiff sought leave for her medical condition and received retribution and retaliation for taking such leave. The Plaintiff was otherwise treated adversely and differently for taking such leave.

23. The Plaintiff has filed her claims with the Massachusetts Commission Against Discrimination (MCAD), which claims were simultaneously filed with the Equal Employment Opportunity Commission (EEOC), and which claims were properly withdrawn from the MCAD and EEOC. The Plaintiff has satisfied the prerequisites

to filing suit.

## Count I
### (Americans With Disabilities Act– 42 U.S.C. § 12101, et. seq.–Handicap Discrimination And Harassment)

24. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

25. The Defendant failed to follow the requirements of the Americans With Disabilities Act.

26. The Plaintiff requested to take leave and other accommodations for her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for requesting reasonable accommodations and otherwise.

27. The Plaintiff requested a reasonable accommodation for her handicap and medical condition and was denied that reasonable accommodation.

28. The Plaintiff was harassed based upon her handicap, medical condition and pregnancy, and the Defendant created a hostile work environment.

29. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

30. The Plaintiff is a qualified handicapped person.

31. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant to the Americans With Disabilities Act and otherwise.

## Count II
### (Americans With Disabilities Act– 42 U.S.C. § 12101, et. seq.–Retaliation)

32. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

33. The Defendant failed to follow the requirements of the Americans With Disabilities Act.

34. The Plaintiff requested to take leave and other accommodations for her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for requesting reasonable accommodations and otherwise.

35. The Plaintiff requested a reasonable accommodation for her handicap and medical condition and was denied that reasonable accommodation.

36. The Plaintiff was harassed based upon her handicap, medical condition and pregnancy, and the Defendant created a hostile work environment.

37. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

38. The Plaintiff is a qualified handicapped person.

39. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

40. The Plaintiff was treated differently and adversely by the Defendant based upon her handicap and request for accommodation. The Plaintiff sought accommodation for her medical condition and received retribution and retaliation for requesting such accommodation.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant to the Americans With Disabilities Act and otherwise.

### Count III
### (M.G.L. c. 151B–Handicap Discrimination And Harassment)

41. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

42. The Plaintiff requested to take leave and other accommodations for her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for requesting reasonable accommodations and otherwise.

43. The Plaintiff requested a reasonable accommodation for her handicap and medical condition and was denied that reasonable accommodation.

44. The Plaintiff was harassed based upon her handicap, medical condition and pregnancy, and the Defendant created a hostile work environment.

45. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

46. The Plaintiff is a qualified handicapped person.

47. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

48. The Defendant's conduct amounts to a clear violation of the relevant provisions of Massachusetts General Laws Chapter 151B and otherwise.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of M.G.L. c. 151B and otherwise.

### Count IV
### (M.G.L. c. 151B–Retaliation)

49. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

50. The Plaintiff requested to take leave and other accommodations for her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

51. The Plaintiff requested a reasonable accommodation for her handicap and medical condition and was denied that reasonable accommodation.

52. The Plaintiff was harassed based upon her handicap, medical condition and pregnancy, and the Defendant created a hostile work environment.

53. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

54. The Plaintiff is a qualified handicapped person.

55. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

56. The Defendant's conduct amounts to a clear violation of the relevant provisions of Massachusetts General Laws Chapter 151B and otherwise.

57. The Plaintiff was retaliated against for resisting and/or reporting the discriminatory conduct of the Defendant and its management.

58. The Plaintiff was treated differently and adversely by the Defendant based upon her handicap and request for accommodation. The Plaintiff sought accommodation for her medical condition and received retribution and retaliation for requesting such accommodation.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of M.G.L. c. 151B and otherwise.

## Count V
### (Family Medical Leave Act–29 U.S.C. § 2601, et. seq.–Violations)

59. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

60. The Defendant failed to follow the requirements of the Family Medical Leave Act, including but not limited to, the requirements for notice postings.

61. The Plaintiff was treated adversely and differently than her co-workers because she took FMLA leave.

62. The Plaintiff requested to take leave for her medical condition and the Defendant took adverse action and retaliated against the Plaintiff for taking such leave.

63. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's taking FMLA leave.

64. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this

discriminatory conduct would not occur and/or continue.

65. The Defendant failed to comply in this way and otherwise with the provisions of the FMLA.

66. The Plaintiff was treated differently and adversely by the Defendant based upon her handicap and request for accommodation and based upon her request for FMLA leave. The Plaintiff sought accommodation for her medical condition and received retribution and retaliation for requesting such accommodation.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

## Count VI
### (Family Medical Leave Act–29 U.S.C. § 2601, et. seq.–Retaliation)

67. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

68. The Defendant failed to follow the requirements of the Family Medical Leave Act, including but not limited to, the requirements for notice postings.

69. The Plaintiff was treated adversely and differently than her co-workers because she took FMLA leave.

70. The Plaintiff requested to take leave for her medical condition and the Defendant took adverse action and retaliated against the Plaintiff for taking such leave.

71. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's taking FMLA leave.

72. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

73. The Defendant failed to comply in this way and otherwise with the provisions of the FMLA.

74. The Plaintiff was retaliated against for resisting and/or reporting the discriminatory conduct of the Defendant and its management.

75. The Plaintiff was treated differently and adversely by the Defendant based upon her handicap and request for accommodation and based upon her request for FMLA leave. The Plaintiff sought accommodation for her medical condition and received retribution and retaliation for requesting such accommodation.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

## Count VII
### (42 U.S.C. § 2000e–Unlawful Employment Practices–Title VII–Sex And Gender Discrimination And Harassment)

76. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

77. The Plaintiff was treated adversely and differently than her male co-workers because she was pregnant.

78. The Plaintiff requested to take leave and other accommodations for her pregnancy and the Defendant took adverse action against the Plaintiff for taking such leave.

79. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely

affected based upon the Plaintiff's sex and gender and pregnancy.

80. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

81. The Defendant's conduct amounts to a clear violation of the relevant provisions of Title VII of the Civil Rights Act of 1964, as amended, and otherwise.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of Title VII of the Civil Rights Act of 1964, as amended, and otherwise.

### Count VIII
**(42 U.S.C. § 2000e–Unlawful Employment Practices–Title VII–Sex And Gender Discrimination And Harassment And Retaliation)**

82. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

83. The Plaintiff was treated adversely and differently than her male co-workers because she was pregnant.

84. The Plaintiff requested to take leave and other accommodations for her pregnancy and the Defendant took adverse action against the Plaintiff for taking such leave.

85. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's sex and gender and pregnancy.

86. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

87. The Defendant's conduct amounts to a clear violation of the relevant provisions of

Title VII of the Civil Rights Act of 1964, as amended, and otherwise.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of Title VII of the Civil Rights Act of 1964, as amended, and otherwise.

### Count IX
### (42 U.S.C. § 1981–Equal Rights–Sex And Gender Discrimination And Retaliation)

88. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

89. The Plaintiff was treated adversely and differently than her male co-workers because she was pregnant.

90. The Plaintiff requested to take leave for her pregnancy and the Defendant took adverse action against the Plaintiff for taking such leave.

91. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's sex, gender, pregnancy and pregnancy-related medical condition.

92. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

93. The Defendant's conduct amounts to a clear violation of the relevant provisions of 42 U.S.C. §1981, as amended, and otherwise.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of 42 U.S.C. §1981, as amended, and otherwise.

## Count X
### (M.G.L. c. 151B–Sex, Gender, Disability Discrimination And Harassment)

94. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

95. The Plaintiff was treated adversely and differently than her male co-workers because she was pregnant, and based on her pregnancy-related medical condition.

96. The Plaintiff requested to take leave for her pregnancy and the Defendant took adverse action against the Plaintiff for taking such leave.

97. The Plaintiff was a qualified handicapped person and requested reasonable accommodation based upon her pregnancy and pregnancy-related medical condition.

98. The requests for reasonable accommodation were denied by the Defendant.

99. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's sex, gender, pregnancy and pregnancy-related medical condition.

100. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

101. The Defendant's conduct amounts to a clear violation of the relevant provisions of Massachusetts General Laws Chapter 151B and otherwise.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of M.G.L. c. 151B and otherwise.

### Count XI
### (M.G.L. c. 151B–Retaliation)

102. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

103. The Plaintiff was treated adversely and differently than her male co-workers because she was pregnant, and based on her pregnancy-related medical condition.

104. The Plaintiff requested to take leave for her pregnancy and the Defendant took adverse action against the Plaintiff for taking such leave.

105. The Plaintiff was a qualified handicapped person and requested reasonable accommodation based upon her pregnancy and pregnancy-related medical condition.

106. The requests for reasonable accommodation were denied by the Defendant.

107. The Plaintiff was constructively discharged and forced out of her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's sex, gender, pregnancy and pregnancy-related medical condition.

108. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

109. The Defendant's conduct amounts to a clear violation of the relevant provisions of Massachusetts General Laws Chapter 151B and otherwise.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of M.G.L. c. 151B and otherwise.

## Count XII
### (M.G.L. c. 149, §105D–Maternity Leave Act)

110. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

111. The Plaintiff was treated adversely and differently than her male co-workers because she was pregnant.

112. The Plaintiff requested to take leave for her pregnancy and the Defendant violated the provisions of M.G.L. c. 149, §105D.

113. The Plaintiff was not placed in the same conditions of employment upon her return from maternity leave.

114. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

115. The Defendant's conduct amounts to a clear violation of the relevant provisions of M.G.L. c. 151B and M.G.L. c. 149, §105D and otherwise.

WHEREFORE, the Plaintiff, Shannon Jernigan, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of M.G.L. c. 149, §105D and otherwise.

**SHANNON JERNIGAN CLAIMS A JURY TRIAL WITH RESPECT TO ALL CLAIMS SO TRIABLE, PURSUANT TO FED. R. CIV. P. RULE 38 AND OTHERWISE.**

Respectfully submitted,

THE PLAINTIFF
Shannon Jernigan
By Her Attorney

*[signature]*

MICHAEL O. SHEA, ESQUIRE
Law Office Of Michael O. Shea
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095
BBO # 555474

Date: October 27, 2004