## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SHANNON JERNIGAN,

      Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

      Defendant.

Civil Action No.  04-30210 MAP

## ANSWER

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), by and through its attorneys, answer the allegations contained in Plaintiff's Complaint as follows:

### Parties

1.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1, and, accordingly, they are denied.

2.    Defendant admits the allegations contained in paragraph 2.

### Jurisdiction

3.    Paragraph 3 contains a statement of jurisdiction, not a factual averment, and therefore requires neither an admission nor denial by Defendant.  To the extent that an admission or denial is required, the allegations contained therein are denied.

### Facts

4.    Defendant admits the allegations contained in paragraph 4.

5.    Defendant denies the allegations contained in paragraph 5.

6.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6, and, accordingly, they are denied.

7.      Defendant denies the allegations contained in paragraph 7.

8.      Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in first sentence of paragraph 8, and, accordingly, they are denied. Regarding the second sentence of paragraph 8, Defendant admits that Plaintiff sought and was allowed time off from work during her employment, and denies that Plaintiff always provided medical documentation concerning these absences. Defendant denies the allegations contained in the third sentence of paragraph 8.

9.      Defendant admits that the Plaintiff asked for a chair and a fan at work and further admits that they were provided. Defendant denies the remaining the allegations contained in paragraph 9.

10.     Defendant denies the allegations contained in paragraph 10.

11.     Defendant denies the allegations contained in paragraph 11.

12.     Defendant denies the allegations contained in paragraph 12.

13.     Defendant denies the allegations contained in paragraph 13.

14.     Defendant denies the allegations contained in paragraph 14.

15.     Defendant denies the allegations contained in paragraph 15.

16.     Defendant denies the allegations contained in paragraph 16.

17.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained paragraph 17, and, accordingly, they are denied.

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained paragraph 19, and, accordingly, they are denied.

20.     Defendant denies the allegations contained in paragraph 20.

2

21.     Defendant denies the allegations contained in paragraph 21.

22.     Defendant denies the allegations contained in paragraph 22.

23.     Defendant admits that Plaintiff filed a charge with the MCAD and simultaneously
with the EEOC, and that she withdrew her charge from the MCAD.  Defendant denies the
allegations second sentence of paragraph 23.

**Count I**

24.     Defendant incorporates by reference its responses to paragraphs 1 through 24 as
though fully set forth herein.

25.     Defendant denies the allegations contained in paragraph 25.

26.     Defendant denies the allegations contained in paragraph 26.

27.     Defendant denies the allegations contained in paragraph 27.

28.     Defendant denies the allegations contained in paragraph 28.

29.     Defendant denies the allegations contained in paragraph 29.

30.     Defendant denies the allegations contained in paragraph 30.

31.     Defendant denies the allegations contained in paragraph 31.

**Count II**

32.     Defendant incorporates by reference its responses to paragraphs 1 through 31 as
though fully set forth herein.

33.     Defendant denies the allegations contained in paragraph 33.

34.     Defendant denies the allegations contained in paragraph 34.

35.     Defendant denies the allegations contained in paragraph 35.

36.     Defendant denies the allegations contained in paragraph 36.

37.     Defendant denies the allegations contained in paragraph 37.

3

38.    Defendant denies the allegations contained in paragraph 38.

39.    Defendant denies the allegations contained in paragraph 39.

40.    Defendant denies the allegations contained in paragraph 40.

## Count III

41.    Defendant incorporates by reference its responses to paragraphs 1 through 40 as though fully set forth herein.

42.    Defendant denies the allegations contained in paragraph 42.

43.    Defendant denies the allegations contained in paragraph 43.

44.    Defendant denies the allegations contained in paragraph 44.

45.    Defendant denies the allegations contained in paragraph 45.

46.    Defendant denies the allegations contained in paragraph 46.

47.    Defendant denies the allegations contained in paragraph 47.

48.    Defendant denies the allegations contained in paragraph 48.

## Count IV

49.    Defendant incorporates by reference its answers to paragraphs 1 through 48 as though fully set forth herein.

50.    Defendant denies the allegations contained in paragraph 50.

51.    Defendant denies the allegations contained in paragraph 51.

52.    Defendant denies the allegations contained in paragraph 52.

53.    Defendant denies the allegations contained in paragraph 53.

54.    Defendant denies the allegations contained in paragraph 54.

55.    Defendant denies the allegations contained in paragraph 55.

56.    Defendant denies the allegations contained in paragraph 56.

53.     Defendant denies the allegations contained in paragraph 53.

54.     Defendant denies the allegations contained in paragraph 54.

55.     Defendant denies the allegations contained in paragraph 55.

56.     Defendant denies the allegations contained in paragraph 56.

57.     Defendant denies the allegations contained in paragraph 57.

58.     Defendant denies the allegations contained in paragraph 58.

## Count V

59.     Defendant incorporates by reference its answers to paragraphs 1 through 58 as though fully set forth herein.

60.     Defendant denies the allegations contained in paragraph 60.

61.     Defendant denies the allegations contained in paragraph 61.

62.     Defendant denies the allegations contained in paragraph 62.

63.     Defendant denies the allegations contained in paragraph 63.

64.     Defendant denies the allegations contained in paragraph 64.

65.     Defendant denies the allegations contained in paragraph 65.

66.     Defendant denies the allegations contained in paragraph 66.

## Count VI

67.     Defendant incorporates by reference its answers to paragraphs 1 through 66 as though fully set forth herein.

68.     Defendant denies the allegations contained in paragraph 68.

69.     Defendant denies the allegations contained in paragraph 69.

70.     Defendant denies the allegations contained in paragraph 70.

**Count VII**

76.    Defendant incorporates by reference its answers to paragraphs 1 through 75 as though fully set forth herein.

77.    Defendant denies the allegations contained in paragraph 77.

78.    Defendant denies the allegations contained in paragraph 78.

79.    Defendant denies the allegations contained in paragraph 79.

80.    Defendant denies the allegations contained in paragraph 80.

81.    Defendant denies the allegations contained in paragraph 81.

**Count VIII**

82.    Defendant incorporates by reference its answers to paragraphs 1 through 81 as though fully set forth herein.

83.    Defendant denies the allegations contained in paragraph 83.

84.    Defendant denies the allegations contained in paragraph 84.

85.    Defendant denies the allegations contained in paragraph 85.

86.    Defendant denies the allegations contained in paragraph 86.

87.    Defendant denies the allegations contained in paragraph 87.

**Count IX**

88.    Defendant incorporates by reference its answers to paragraphs 1 through 88 as though fully set forth herein.

89.    Defendant denies the allegations contained in paragraph 89.

90.    Defendant denies the allegations contained in paragraph 90.

91.    Defendant denies the allegations contained in paragraph 91.

92.    Defendant denies the allegations contained in paragraph 92.

93.    Defendant denies the allegations contained in paragraph 93.

## Count X

94.    Defendant incorporates by reference its answers to paragraphs 1 through 93 as though fully set forth herein.

95.    Defendant denies the allegations contained in paragraph 95.

96.    Defendant denies the allegations contained in paragraph 96.

97.    Defendant denies the allegations contained in paragraph 97.

98.    Defendant denies the allegations contained in paragraph 98.

99.    Defendant denies the allegations contained in paragraph 99.

100.    Defendant denies the allegations contained in paragraph 100.

101.    Defendant denies the allegations contained in paragraph 101.

## Count XI

102.    Defendant incorporates by reference its answers to paragraphs 1 through 101 as though fully set forth herein.

103.    Defendant denies the allegations contained in paragraph 103.

104.    Defendant denies the allegations contained in paragraph 104.

105.    Defendant denies the allegations contained in paragraph 105.

106.    Defendant denies the allegations contained in paragraph 106.

107.    Defendant denies the allegations contained in paragraph 107.

108.    Defendant denies the allegations contained in paragraph 108.

109.    Defendant denies the allegations contained in paragraph 109.

## Count XII

110.    Defendant incorporates by reference its answers to paragraphs 1 through 109 as

though fully set forth herein.

    111.    Defendant denies the allegations contained in paragraph 111.

    112.    Defendant denies the allegations contained in paragraph 112.

    113.    Defendant denies the allegations contained in paragraph 113.

    114.    Defendant denies the allegations contained in paragraph 114.

    115.    Defendant denies the allegations contained in paragraph 115.


    WHEREFORE Defendant denies that Plaintiff is entitled to any of the relief requested against it and denies each and every allegation not heretofore specifically admitted and prays this Court to dismiss Plaintiff's Complaint and award it costs, fees and any other relief it deems just.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which any relief can be granted.

2.     Plaintiff's claims are barred in whole or in part because he has failed to comply with administrative procedures that are a prerequisite to maintaining this action.

3.     Plaintiff's claims are barred in whole or in part because of the applicable statute of limitations.

4.     All actions regarding Plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

5.     Although Defendant expressly denies any liability to Plaintiff, Plaintiff has failed to mitigate her damages, if any.

6.     Complaint is barred in whole or in part because, at all relevant times, the actions of the Defendant was legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

7.     Plaintiffs' Complaint is barred, in whole or in part, because Plaintiff's relationship with the Defendant was terminable at-will by either party.

8.     Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing or discriminatory behavior that may have occurred and/or because Plaintiff unreasonably failed to take advantage of the prevention and correction opportunities provided by Defendant.

9.     To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to terminate Plaintiff (which Defendant otherwise specifically denies herein), Defendant would have taken the same actions against Plaintiff but for such discriminatory intent or motive.

10.    Any improper, illegal or discriminatory acts by Defendant's employee(s) versus Plaintiff were outside the course and scope of that employee's employment, contrary to Defendant's policies, and not ratified or approved by Defendant.

11.    Allegations contained herein exceed the scope of Plaintiff's charge.

12.    Plaintiff's claims are barred, in whole or in part, by the exclusivity of Massachusetts General Laws Chapter 151B.

13.    Plaintiff is not a qualified individual with a disability/handicap within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8), or under Massachusetts General Laws Chapter 151B.

14.    Defendant accommodated Plaintiff's stated disability/handicap and therefore is not liable for failure to accommodate under Section 102 of the ADA, 42 U.S.C. § 12112 or Massachusetts General Laws Chapter 151B.

15.    Defendant made good faith efforts to identify and make reasonable accommodation(s) that would provide Plaintiff with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

16    Defendant is not liable under the ADA or Massachusetts law for failure to provide an accommodation to Plaintiff, which would constitute an undue hardship on the operation of its businesses.

17.    Plaintiff's claims, in whole or in part, are not entitled to a trial by jury.

18.    Plaintiff is not entitled to punitive damages.

19.    Defendant reserves its right to add affirmative defenses as they become known.

20.    Plaintiff is not employee eligible employee for protection of the Family Medical Leave Act ("FMLA"), 29 USC § 2601 *et seq.*

10

21.    To the extent that Plaintiff is eligible for FMLA leave, Defendant has provided such leave.

22.    With response to Plaintiff, Defendant has acted in good faith and with reasonable grounds to believe that its actions or omissions were not in violation of the FMLA, and therefore Defendant is not liable for liquidated damages.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.

By Its Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109

Robert P. Joy, Jr. (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)

Date: February 2, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served on counsel for Plaintiff, Michael O. Shea, Esq., 451 Main Street, Wilbraham, MA 01095, by first-class, U.S. mail, on this 2nd day of February 2005.